IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD CHARLES CARTY,** : | |
| Petitioner : | No. 1:24-cv-00733 |
| : | |
| v. : | (Judge Kane) |
| : | |
| **PENNSYLVANIA PAROLE BOARD,** : | |
| Respondent : | |

### MEMORANDUM

Pending before the Court is pro se Petitioner Donald Charles Carty ("Carty")'s petition for a writ of habeas corpus under 28 U.S.C. § 2254. For the reasons set forth below, the Court will dismiss the petition as moot.

I.   BACKGROUND

Pro se Petitioner Donald Charles Carty ("Carty") commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and supporting memorandum of law in which he challenges the Pennsylvania Board of Probation and Parole ("Parole Board")'s denial of parole. (Doc. Nos. 1, 2.) According to the Parole Board's Parolee Locator (https://inmatelocator.cor.pa.gov), Carty was paroled from state prison on November 20, 2024. Based on this information, the Court issued an Order on February 24, 2025, directing Carty to show cause, within twenty (20) days, why the Court should not dismiss this action as moot because it appears that he is no longer incarcerated. (Doc. No. 4.) To date, Carty has not responded to this Order and more than twenty (20) days have passed.

II.  DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d

Cir. 2009)).  "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'"  Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)).  Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought."  See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or collateral consequences of [their] conviction."  See Abreu, 971 F.3d at 406 (citations omitted).  Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking [their] conviction while still serving the sentence imposed for that conviction [and] . . . where the[y are] attacking that portion of [their] sentence that is still being served."  See id. (citing United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).  Once a petitioner has been released, however, the Court does "not presume that a conviction carries collateral consequences."  See Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).  Instead, the Court "must 'address[] the issue of collateral consequences in terms of the "likelihood" that a favorable decision would redress the injury or wrong.'"  See id. (quoting Burkey, 556 F.3d at 148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner'

2

amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey, 556 F.3d at 148).

In this case, Carty's petition has been mooted because of his release on parole. Carty could still obtain judicial review if he shows that he continues to suffer from secondary or collateral consequences; however, he fails to make such a showing insofar as he has not responded to the Court's February 24, 2025 Order. Accordingly, the Court will dismiss Carty's Section 2254 petition as moot and direct the Clerk of Court to close this case.

### III.   CONCLUSION

Accordingly, for the foregoing reasons, the Court will dismiss Carty's section 2254 petition as moot. The Court also declines to issue a certificate of appealability. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (setting forth grounds for granting certificate of appealability under 28 U.S.C. § 2253(c)(2)). An appropriate Order follows.

s/ Yvette Kane<br>
Yvette Kane, District Judge<br>
United States District Court<br>
Middle District of Pennsylvania